C. G. LOVE and wife *v.* J. W. LOGAN *et al.*

A guardian who acted in good faith was held not to be responsible for omitting to collect a note during the late war, when it appeared that both of the two obligors were solvent during the war, and were made insolvent by its results.

This was an ACTION upon a guardian bond, and upon a reference for an account the clerk allowed the guardian a credit for $140, the amount of a bond taken by him from Sullivan & Fronebarger, although he had failed to collect it. His Honor, *Mitchell, J.,* at CATAWBA Superior Court reversed the order of the clerk in allowing this item, and the defendants appealed. There were other matters of difference which were settled by the counsel, and the above-mentioned

item was the only one brought before the Court, as will appear by the opinion.

*W. P. Bynum,* for the defendants.
*Busbee & Busbee,* for the plaintiffs.

SETTLE, J. When this case was called the record was found to be so imperfect that we should have sent it back had not the counsel, both for the plaintiffs and defendants, relieved us, by announcing on the next morning that they had agreed upon all points of difference except the item of $140.44, being one-half of the Sullivan & Fronebarger note. It is not contended that the defendants were in any wise in default in respect to this note before the war.

During the war, leaving out of view stay laws, it was not prudent to collect it, as both of the obligors were solvent. After the war the evidence shows that Sullivan became insolvent by the emancipation of his slaves, and in point of fact Fronebarger was also insolvent, although he did not admit it until 1867. The Federal soldiers had entered the defendants' store in 1865 and mislaid this note, so that the defendants did not find it for some time thereafter ; but if it had not been mislaid, and the defendants had used all diligence, we do not think, in view of the evidence, that they could have collected it.

The guardian seems to have acted in good faith, and has not been guilty of culpable negligence. This is only another of the many instances of losses consequent upon the war.

The clerk allowed this item to the defendants, but was overruled by his Honor. In this there was error.

Let this be certified to the end that the Superior Court may proceed to judgment in accordance with the agreement of the parties and this opinion.

PER CURIAM. Judgment reversed.